UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA JOLEE OLIVER,              )<br>                                                           )<br>   Plaintiff,                                     )<br>                                                           )<br>   v.                                                  )<br>                                                           )<br>UNITED STATES OF AMERICA, et al., )<br>                                                           )<br>   Defendants.                                )  | Case No. 1:25-cv-182-ACL |

### **MEMORANDUM AND ORDER**

Self-represented Plaintiff Amanda Jolee Oliver brings this civil action against the United States of America and the State of Missouri. ECF No. 1. Now before the Court is Plaintiff's motion to proceed *in forma pauperis*. ECF No. 2. Based on the financial information provided, the Court finds that Plaintiff is unable to pay the filing fee for this matter. As such, the motion will be granted and the filing fee waived. *See* 28 U.S.C. § 1915(a)(1). Furthermore, because Plaintiff is now proceeding *in forma pauperis*, her pleadings are subject to review under 28 U.S.C. § 1915. Based on such review, and as explained below, this action will be dismissed for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion to appoint counsel will be denied as moot.

### Background

Plaintiff filed the instant complaint on October 29, 2025. ECF No. 1. The filing asserts highly unusual facts. Plaintiff identifies the defendants as the United States Federal Government and the State of Missouri. *Id.* at 1-2. Where the form complaint prompts Plaintiff to state the facts supporting her claims, she alleges in part:

> The Federal US government has abused me, exploited me and discriminated against me my entire life. The State of Missouri has accumulated too and it escalated a few years ago they came into my house and drugged me and did hair removal on me they let people listen to me in my own home and on facebook lives the people on the other side could see and hear me and abused me.

*Id.* at 7.

Plaintiff claims the state and federal government are responsible for abuses she has suffered by employers, churches, hospital staff, doctors, jail inmates, her ex-husband, and police. *Id*. She claims her pets have been abused as well. *Id*. Plaintiff also claims that she drank alcohol excessively and was incarcerated where she was denied clean pants and placed in solitary confinement. *Id*. at 7-8. She claims "they" have "messed up all my Bibles" and deny her access to movies and literature and instead give her "insane books." *Id*. at 10.

Plaintiff also reports she was wrongfully arrested 20 years ago and was abused in jail. *Id*. at 12. She claims the government is responsible for men on Christian dating sites abusing her. *Id*. at 14. For relief she requests $20 million. *Id*. at 8.

**Legal Standard on Initial Review**

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is frivolous. 28 U.S.C. § 1915(e)(2). "[A] complaint … is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*,

2

490 U.S. at 325, 328). Although "[a]n *in forma pauperis* complaint may not be dismissed … simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Complaints filed by laypeople "are to be given liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). That means that "if the essence of an allegation is discernible … then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Finally, giving a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Having carefully reviewed and liberally construed Plaintiff's Complaint, the Court finds that the allegations are frivolous. Plaintiff seeks monetary relief based on allegations that the Federal and State governments have been systematically abusing her for her entire life. This includes everything from altering her bibles, to infiltrating her house to take her hair, to using Christian dating sites in order to entice men to abuse her. These allegations are fanciful, fantastic, delusional, and rise to the level of the irrational or wholly incredible. *Denton*, 504 U.S. at 32-33.

3

Plaintiff's complaint is frivolous because it "lacks an arguable basis … in law or in fact." *Neitzke*, 490 U.S. at 325. In addition, the Court finds that these Complaint defects could not be remedied through amendment of the pleadings. As such, this action will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For the same reasons the Court deems Plaintiff's complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court will therefore certify that an appeal would not be taken in good faith. *See id.*; 28 U.S.C. § 1915(a)(3). Finally, because this action is being dismissed as frivolous, the Court will deny Plaintiff's motion to appoint counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of February, 2026.

                                           */s/ Audrey G. Fleissig*
                                           AUDREY G. FLEISSIG
                                           UNITED STATES DISTRICT JUDGE